**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Missouri**
**Thomas F. Eagleton U.S. Courthouse**
**111 South Tenth Street, Fourth Floor**
**St. Louis, MO 63102**

| | |
|---|---|
| **In re:** | **Case No.: 23–41315 – A659** |
| Mohamad Zein | **Chapter: 7** |
| **Debtor(s)** | |

### DISCHARGE OF DEBTOR(S)

It appearing that the debtor(s) is/are entitled to a discharge,

**IT IS ORDERED THAT:**

The debtor(s) is/are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

The holder of any claim for unpaid pre–petition child support is entitled to have the Trustee provide such creditor with notice of the creditor's right to use the services of the state child support enforcement agency and supply such creditor with the address and telephone number of the state child support enforcement agency and an explanation of the creditor's rights to payment in the bankruptcy case. Any creditor may request such notice and information by writing the Trustee. Such creditor is further entitled to have the Trustee provide the creditor with (i) notice of the granting of the discharge, (ii) any last known address of the debtor, (iii) the debtor's most recent employer, and (iv) information concerning other claims on which the debtor may be liable following the discharge. Failure to request such information from the Trustee shall be a waiver of the right to receive such notice from the Trustee.

**BY THE COURT**

*Kathy-A Surratt-States*

**U. S. Bankruptcy Judge**

**Dated:** 7/25/23
**St. Louis, Missouri**
Rev. 12/17 3180

**SEE PAGE 2 OF THIS ORDER FOR IMPORTANT INFORMATION.**

**EXPLANATION OF BANKRUPTCY DISCHARGE
IN A CHAPTER 7 CASE**

This court order is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. This discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes applicable only to cases filed after October 17, 2005;

c. Debts that are domestic support obligations applicable only to cases filed after October 17, 2005;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for most personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

g. Some debts which were not properly listed by the debtors in time to permit the creditor to file a proof of claim, if required, or file a timely request to determine dischargeability;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans applicable only to cases filed after October 17, 2005.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**